Boubacar DIARRA, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–72927.
Agency No. A70–908–253.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 13, 2003.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John R. Alcorn, Law Offices of John R. Alcorn, Irvine, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Alison R. Drucker, Donald E. Keener, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM**

Boubacar Diarra, a native and citizen of Mali, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review de novo claims of due process violations. *See Hartooni v. INS*, 21 F.3d 336, 339 (9th Cir.1994). We deny the petition.

According to documents provided by the parties, the BIA's decision was not sent to Diarra's counsel's correct address until August 15, 2002. Therefore, Diarra's petition for review, filed on September 12, 2002, was timely. *See* IIRIRA § 309(c)(4)(C) (petition for review must be filed within 30 days of the final order of deportation); *see Martinez–Serrano v. INS*, 94 F.3d 1256, 1258–59 (9th Cir.1996) (holding that the time for filing a petition for review begins to run when the BIA sends notice of its decision to petitioner or counsel's correct address). Accordingly,

Respondent's motion to dismiss for lack of jurisdiction is denied.

Diarra contends the IJ's adverse credibility determination was caused by translation problems at the hearing. There is nothing in the hearing transcripts, however, to suggest inadequate translation or resulting prejudice. Because Diarra did not demonstrate that a better translation would have made a difference in the outcome of his hearing, he failed to show a due process violation. *See Hartooni*, 21 F.3d at 340.

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

